94 APPELLATE COURTS OF ILLINOIS.

VOL. 37.] Crane Bros. Mfg. Co. v. Adams.

# THE CRANE BROTHERS MANUFACTURING COMPANY
## v.
## SAMUEL W. ADAMS, FOR USE, ETC.

*Master and Servant—Recovery of Wages—Evidence—Corporations.*

1. Where the record presents only a question of fact, and no substantial question of law is involved, the verdict of the jury is controlling.

2. In an action brought by the secretary of a corporation to recover the sum an allotment of stock in a certain amount would have earned in a certain year, the contention being as to whether such allotment had been withdrawn, and that he was notified thereof at the beginning of said year, this court declines, in view of the evidence, to interfere with the verdict for the plaintiff.

[Opinion filed June 30, 1890.]

APPEAL from the Circuit Court of Cook County; the Hon. R. W. CLIFFORD, Judge, presiding.

Messrs. THOMAS DENT and EDWIN BURRITT SMITH, for appellant.

Messrs. HOYNE, FOLLANSBEE & O'CONNOR, for appellee.

*Per Curiam.* This action was brought to recover for services as secretary of the Crane Brothers Manufacturing Company, for the year 1883. Appellant was accustomed to allow to some of its officers and employes in addition to regular fixed salary a certain allotment of stock on which they received the earnings, less interest at eight per cent per annum on the amount of stock allotted to them.

Appellee had been in the service of the company for several years and had allotments made to him of various amounts, and claims that the understanding in 1876 was, that such an amount of stock should be allotted to him each year as would bring his salary up to at least $10,000 per year. It does not appear that such allotment was made to him in either of the years 1877 or 1878, but in 1879 such an allotment

of the stock, to the amount of $50,000, was made to him, the earnings of which gave him, in addition to the $4,000 regular salary, $4,050, and a like amount was earned on his allotment for 1880.

In 1881 the earnings on his allotment of stock were $11,250, which was paid to him in addition to his fixed salary. And in 1882, his allotment netted him $8,800, so that his salary amounted in that year to $13,800. From 1879, the amount of his allotment of stock was $50,000 per year. The stock allotments were fixed by the president of the company, Mr. Crane, at or near the beginning of each fiscal year of the company. Appellee was re-elected secretary of the company in January, 1883, and served the company in that capacity during that year, and drew his fixed salary of $5,000. The action here is to recover what the allotment of $50,000 in stock would have earned him that year, which it is shown by the evidence would amount to $5,040.

The issue is as to whether the allotment of said stock was withdrawn from him, and he was notified of that fact in the beginning of the year 1883. On this issue there was a conflict in the evidence. The president of the company testified that about the last of January, 1883, after the annual meeting, he told appellee that he should withdraw his allotment in the future, and that appellee made no reply. The statement was made as they passed each other on the stairs or at the head of the stairs leading to the company's office, and the conversation or statement occupied about three seconds of time. Appellee denies that any statement was ever made to him that he understood to relate to the reduction of the $10,000 salary which he claims he was to have. That what was said was said hurriedly and rather indistinctly, and he understood it to be that the president was unwilling to allow the allotment of stock over and above the agreed salary, that is, over the $10,000. The conflict thus arising was one for the determination of the jury upon a consideration of all the facts and circumstances in evidence, and we are unable to say that the verdict is not supported, or that it is manifestly against the weight of the evidence.

We have considered the assignments of error as to the admission of evidence and as to the giving and refusing of instructions, and we are of opinion that in these respects no material error was committed by the court. A detailed discussion of these alleged errors would serve no useful purpose.

The record presents only a question of fact, and no substantial question of law is involved. The verdict of the jury is under such conditions controlling. The judgment appealed from must be affirmed.

*Judgment affirmed.*